**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 08-4253**

———————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

SHANNON ANDRE PETERS,

             Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (7:07-cr-00047-BO-1)

———————————

Submitted:  July 30, 2009          Decided:  August 3, 2009

———————————

Before MOTZ, KING, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Richard L. Cannon, III, CANNON LAW OFFICES, PLLC, Greenville,
North Carolina, for Appellant. Anne Margaret Hayes, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon Andre Peters pled guilty without benefit of a written plea agreement to distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) (2006). The district court imposed a 262-month sentence. Peters timely appealed.

Counsel for Peters has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but raising the issues suggested by Peters that he was prejudiced by the Government's refusal to permit him to cooperate with authorities in an effort to reduce his sentence after he learned that the 21 U.S.C. § 851 (2006) information would increase his Guidelines range, that the court should have granted a downward variance because the Guidelines sentence over-represented the seriousness of Peters' record, and a sentence less than 262 months would have been appropriate in light of Peters' age of 32, the lack of offense-related violence, and family issues. Finding no reversible error, we affirm.

When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a

2

sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Id. at 591. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Peters, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. Although Peters alleged that, had he known of the full effect of the 18 U.S.C. § 851 information filed against him, he would have cooperated, there was no error. Peters was afforded the opportunity to cooperate with the Government and admittedly chose not to in a timely manner. Only upon learning that the bottom of his Guidelines range would increase from 188 to 262 months did he attempt to cooperate. Peters was aware that the Government filed a § 851 information at the time of his arraignment.

We have considered Peters' arguments that his sentence was not reasonable because it overrepresented the seriousness of his past criminal activity and that it should have been lower based on his age, lack of offense related violence, and obligations for the care of several children and other family

members, and conclude that the sentence the district court imposed was not an abuse of discretion.

We have reviewed Peters' pro se supplemental brief and find no merit in his claims regarding the Full Faith and Credit Clause, § 851 procedures, and whether the district court was required to elicit specific objections after imposing the sentence. In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Peters' conviction and sentence. This court requires that counsel inform Peters, in writing, of the right to petition the Supreme Court of the United States for further review. If Peters requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Peters.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>